# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| AMY VEGA, Individually and on Behalf of All Others Similarly Situated, | Case No.: 17-cv-319 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| CARSON SMITHFIELD, LLC, | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Amy Vega is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Carson Smithfield, LLC ("Carson Smithfield") is a debt collection agency with its principal offices located at 1209 Orange St., Wilmington, DE 19801.

6. Carson Smithfield is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Carson Smithfield is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Carson Smithfield is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about November 23, 2016, Carson Smithfield mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed "Merrick Bank Corporation" ("Merrick"). A copy of this letter is attached to this complaint as Exhibit A.

9. Upon information and belief, the alleged debt that Carson Smithfield was attempting to collect was a personal credit card account and used only for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Carson Smithfield to attempt to collect alleged debts.

12. Exhibit A contains the following settlement offer:

Lump Sum (single payment)
Merrick Bank Corporation will consider your account settled if you make a one-time payment of $731.83 (which equals 40.0% of the outstanding balance of $1,829.58) on or before January 15, 2017.

Extended Offer (pay over time)
Merrick Bank Corporation will consider your account settled if you make payments as follows:
- Remit your first payment in the amount of $38.12 within 35 days from the date of this letter.
- Then, continue to make monthly payments in the amount of $38.12 each, by the first of each month, for the next consecutive 23 months. (24 payments total)
- Accepting the Extended Payment Offer will result in payment of an amount that is greater than what you would pay under the Lump Sum Offer.

You are under no obligation to accept either of these offers. If you do not accept one of these settlement offers, we will attempt to contact you to collect the balance on your account, less any payments you may have made.

13. The letter purports to offer settling the debt for about 40% or 50% of the total alleged debt.

2

14. The settlement offer in Exhibit A falsely states or implies that the settlement offer is valid only if payment is made on or before January 15, 2017 or the first payment in the extended offer is remitted within 35 days of the date of the letter (Exhibit A).

15. Upon information and belief, Carson Smithfield had authority from Merrick to settle consumers' accounts for 40% or 50% of the amount owed, or less, at any time.

16. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

17. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

18. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

19. Carson Smithfield did not use the safe harbor language in Exhibit A. Instead, Carson Smithfield stated that "*You* are under no obligation to accept either of these offers." Exhibit A (emphasis added). This construction turns the safe harbor language on its head.

20. The language in *Evory* is intended to convey that the debt collector and/or the creditor are not required to renew a settlement offer after it expires or is revoked. Carson

3

Smithfield's language does not communicate that information at all and in fact, adds an additional layer of confusion by implying that a consumer could ever be "obligated" to accept a settlement offer.

21. Upon information and belief, the deadlines in Exhibit A to respond to the settlement offers are a sham. There are no actual deadlines. The sole purpose of the purported deadlines is to impart in the consumer a false sense of urgency.

22. Plaintiff was confused by Exhibit A.

23. Plaintiff had to spend time and money investigating Exhibit A and the consequences of any potential responses to Exhibit A.

24. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of Exhibit A.

25. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the

invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

26. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

27. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

29. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

30. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

31. Exhibit A includes false and misleading statements to the effect that the settlement offer is for a limited time only.

32. Upon information and belief, the creditor and/or Carson Smithfield would settle Plaintiff's and class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

33. <u>Exhibit A</u> also confusingly implies that a consumer could be "obligated" to accept a settlement offer, instead of conveying that the debt collector and/or the creditor are not "obligated" to renew a settlement offer after it expires or is revoked.

34. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## **CLASS ALLEGATIONS**

35. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by <u>Exhibit A</u> to the complain in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between March 3, 2016 and March 3, 2017, inclusive, (e) that was not returned by the postal service.

36. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

37. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

38. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

6

40. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 3, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com